UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Edgar Leron Thomas, | ) C/A No. 8:10-00431-MBS-BHH |
|---|---|
| a.k.a. Eger Thomas; Edger Leron Thomas, | ) |
| Plaintiff, | ) |
| vs. | ) |
| Hale Barri, Actress in Movie Rolls; Marvel Comits Movies also in Cartoons, air 2008 2009 2010 on channel 47CW & 57 Fox During The Big Switch Effact; Ofc. Dougles Wesley, III., | ) Report and Recommendation |
| Defendants. | ) |

The Plaintiff, Edgar Leron Thomas (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Kirkland Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names two private entities and an SCDC employee as Defendants.[2] The complaint should be dismissed for failure to state a claim upon which relief may be granted.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915;

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Further, a claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth

a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Background

Plaintiff claims that a "female star," Defendant Hale Barri[3], "involved herself" in the present action by directing Defendant Officer Dougles Wesley, III.[4], to "handle or take care of" the Plaintiff. Plaintiff further claims that Defendant Barri has talked to a Kirkland Correctional Institution kitchen worker about Plaintiff's food, and that Plaintiff has spoken to Defendant Barri on an intercom regarding his meals. Plaintiff states that he has been getting a "full sack bag" at mealtimes. Defendant Barri allegedly instructed Defendant Wesley to give Plaintiff milk or juice with his "sack." Plaintiff also claims that Defendant Barri and Defendant Marvel Comits[5] have received money from Plaintiff's "life and name." Plaintiff seeks monetary damages for the Defendants' actions and further asks for various types of personal property belonging to Defendant Barri. In the caption of the complaint, Plaintiff also seeks a DNA test.

Discussion

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been

---

[3] Plaintiff appears to be naming actress Halle Berry as a Defendant in this action.

[4] Plaintiff names Ofc. Dougles Wesley, III., as a Defendant in the "Parties" section of the complaint. However, in the "statement of claim," Plaintiff identifies this Defendant as Officer Wesley Dougles, III.

[5] Plaintiff appears to be naming Marvel Comics as a Defendant in this action.

deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, Plaintiff names two Defendants who are not amenable to suit under § 1983. Plaintiff clearly identifies Defendant Hale Barri as an actress in the motion picture industry. Plaintiff states that Defendant Barri appeared in the "Batman" movie, thus he also names Marvel Comits, a private company, as a Defendant. However, purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983, or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961). Because Defendants Barri and Marvel Comits are private entities, who did not act under "color of state law," Plaintiff's § 1983 claims against these two Defendants are subject to summary dismissal.

Plaintiff names one additional Defendant, Officer Wesley, who is an SCDC correctional officer. As such, Defendant Wesley would be considered a "state actor" amenable to suit under § 1983. However, Plaintiff's statement of claim simply alleges that Defendant Wesley was told, by Defendant Barri, to take care of the Plaintiff by providing milk or juice with Plaintiff's meals. A Plaintiff must affirmatively show that a defendant

acted personally in the deprivation of his constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). The present complaint provides no factual information to indicate that Defendant Wesley violated any of the Plaintiff's constitutional rights. Therefore, Plaintiff fails to state a cognizable § 1983 claim against Defendant Wesley, who is entitled to dismissal from the action.

Finally, it is noted that Plaintiff's complaint contains assertions that are barely comprehensible and manifestly delusional. Presuming that Plaintiff has set forth these statements sincerely, as assertions of fact, they cannot be given credibility. A district court's review of a case for factual frivolousness under § 1915 is guided by the Supreme Court's decision in *Denton v. Hernandez*, 504 U.S. at 32. When a plaintiff proceeds *in forma pauperis*, § 1915 "gives courts the authority to 'pierce the veil of the complaint's factual allegations[,]' mean[ing] that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Id.* at 32.

The "initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in favor of the plaintiff," *id.*, and "[a]n *in forma pauperis* complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33. However, the district court is entrusted with the discretion to dismiss the case for factual frivolousness "when the facts alleged rise to the level of the irrational or the wholly incredible." *Id.* "[A] court may dismiss a claim as factually frivolous only when the claim alleges facts that are 'clearly baseless', a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32-33 (citations omitted) (quoting *Neitzke v. Williams*, 490 U.S. at 325, 328). The present action is comprised of facts that are "wholly

incredible," and which fail to state a claim under § 1983. Therefore, this case should be dismissed as frivolous under § 1915(e)(2)(B)(I), and/or for failure to state a claim under which relief may be granted pursuant to § 1915(e)(2)(B)(ii).

## Recommendation

     Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. Plaintiff's attention is directed to the important notice on the next page.

March 3, 2010                                                              s/Bruce Howe Hendricks  
Greenville, South Carolina                             United States Magistrate Judge

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).