UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Edgar Leron Thomas, a.k.a. Eger Thomas; Edger Leron Thomas, | C/A No.: 8:10-00431-MBS |
| Plaintiff, | |
| vs. | |
| Hale Barri, Actress in Movie Rolls; Marvel Comits Movies also in Cartoons, air 2008 2009 2010 on channel 47CW & 57 Fox During The Big Switch Effact; Ofc. Dougles Wesley, III., | **ORDER** |
| Defendants. | |

## **FACTS**

Plaintiff Edgar Leron Thomas is an inmate in the custody of the South Carolina Department of Corrections (SCDC) who is currently housed at the Kirkland Correctional Institution. On February 24, 2010, Plaintiff, appearing *pro se*, filed the within action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. On March 3, 2010, the Magistrate Judge filed a Report and Recommendation recommending that the case be summarily dismissed for failure to state a claim upon which relief can be granted. On March 11, 2010, Plaintiff filed objections to the Report and Recommendation.

## BACKGROUND

In his complaint, Plaintiff alleges that Defendant Halle Berry ("Berry"),[1] a movie actress, "involved herself" in this action by instructing Defendant Officer Dougles Wesley, III ("Wesley") to take care of Plaintiff. Compl. at 3. Plaintiff contends that Berry has spoken with a Kirkland Correctional Institution kitchen worker about Plaintiff's food, and that Plaintiff has spoken with Berry over an intercom about his food. Plaintiff contends that Berry told Wesley to give Plaintiff milk or juice with his meal sack and states that he had been getting a "full sack bag" at mealtimes. Compl. at 3. Plaintiff further contends that Berry has been "receiving money form [sic] [Plaintiff's] life and name from movies[,] awards[,] or Marvel Comits [sic] dealings or benefits." Compl. at 3. Plaintiff seeks monetary damages for the defendants' actions and seeks various personal property belonging to Berry. In the caption of the complaint, Plaintiff seeks an order for a DNA test.

## DISCUSSION

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's

---

[1] Although Plaintiff spelled the defendant's name "Hale Barri," the court discerns that Plaintiff intended to name the actress Halle Berry.

proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

In his objections, Plaintiff states that he "ain't wirte [sic] no Greenville" and that he "paid for [his] case." Entry 13 at 1. Plaintiff states that he is having trouble with people opening his legal mail and changing things on such mail. Plaintiff indicates that he intends to file his case in the United States District Court in Florence, South Carolina. Plaintiff asserts that the only person he was suing is Halle Berry because Wesley "don't got know [sic] money." Entry 13 at 2. Plaintiff also asserts that he can "prove" that he is Thomas "anytime." Entry 13 at 1. Plaintiff contends that he is going forward with his case and requests that Wesley be required to take polygraph regarding the issues in this case.

The only objection that directs the court to a specific error in the Report and Recommendation is Plaintiff's objection that he only intended to sue Halle Berry. The court has carefully reviewed the record and case law, and concurs with the Magistrate Judge that even if Plaintiff only intended to sue Berry, this case must be dismissed. Berry is not amendable to suit under § 1983. *See Philips v. Pitt County Mem'l Hosp*, 572 F.3d 176, 180 (4th Cir. 2009) (discussing § 1983's requirement that a defendant be a state actor). The remainder of Plaintiff's objections do not address a specific error in the Report and Recommendation. Nevertheless, the court has conducted a *de novo* review of the issues in this case and concludes that the Magistrate Judge has properly applied the applicable law.

## **CONCLUSION**

The court adopts the Report and Recommendation and incorporates it herein by reference. Plaintiff's complaint is summarily dismissed without prejudice and without issuance and service of process.

3

**IT IS SO ORDERED**.

<u>s/ Margaret B. Seymour</u><br>
United States District Judge

Columbia, South Carolina

May 18, 2010